IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JERRY GREELY, WARD HERRING<br>DANIEL BUTTERSWORTH,<br>JOHNNY MEARS, BARRY JIVIDEN,<br>WAYNE SPRINGER,<br>ROBERT ANKEN, WAYNE BRUNER<br>JOSEPH ZETTLER, SR. and<br>CHRISTOPHER GOSSELIN, individually<br>and on behalf of other similarly situated<br>employees,<br><br>Plaintiffs,<br>v.<br><br>LAZER SPOT, INC.,<br><br>Defendant. | COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Demanded)<br><br>CV411-96 |

## CERTIFICATE OF INTERESTED PARTIES
### S.D. Ga. LR 3.2

The undersigned, counsel of record for Plaintiffs Jerry Greely, Ward Herring, Daniel Buttersworth, Johnny Mears, Barry Jividen, Wayne Springer, Robert Anken, Wayne Bruner, Joseph Zettler, Sr., and Christopher Gosselin, certifies that the following is a full and complete list of the parties in this action:

- Jerry Greely, Plaintiff;
- Ward Herring, Plaintiff;
- Daniel Buttersworth, Plaintiff;
- Barry Jividen, Plaintiff;
- Wayne Springer, Plaintiff;
- Robert Anken, Plaintiff;
- Wayne Bruner, Plaintiff;

- Joseph Zettler, Sr., Plaintiff;

- Christopher Gosselin, Plaintiff;

- Lazer Spot, Inc., Defendant.

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties: Unknown.

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship): None known.

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs JERRY GREELY, WARD HERRING, DANIEL BUTTERSWORTH, JOHNNY MEARS, BARRY JIVIDEN, WAYNE SPRINGER, ROBERT ANKEN, WAYNE BRUNER, JOSEPH ZETTLER, SR., and CHRISTOPHER GOSSELIN all individually and on behalf of other similarly situated employees, and file their COMPLAINT against Defendant LAZER SPOT, INC. showing this Court as follows:

## JURISDICTION, VENUE AND SERVICE

1.

This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs are or were formerly employed by Lazer Spot as "yard hostlers" whose primary employment responsibilities are/were connecting a hostler truck to freight trailers and then transporting the trailer from place to place a distribution center. Plaintiffs routinely worked in excess of 40 hours per week but were not paid overtime for doing so because Lazer Spot misclassified its yard hostlers as exempt employees.

2.

This Court has original jurisdiction over this case and to adjudicate Plaintiffs' claims stated herein under 28 U.S.C. § 1331 because it raises claims under the FLSA, 29 U.S.C. § 201 *et seq.*

3.

Venue is proper in the United States District Court, Southern District of Georgia, in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

4.

Venue is proper in the Savannah Division of the United States District Court, Southern District of Georgia, in accordance with Local Rule 2.1(a) because Defendant resides in the Savannah Division and a substantial part of the events giving rise to Plaintiffs' claims occurred within this division.

**PARTIES**

5.

Plaintiff JERRY GREELY is a citizen of the United States residing in Rincon, Georgia. Greely has been employed by Lazer Spot as a yard hostler since August of 2009. Greely is currently still employed by Lazer Spot.

6.

Plaintiff WARD HERRING is a citizen of the United States residing in Rincon, Georgia. Herring was employed by Lazer Spot as a yard hostler from December of 2008 through January of 2011.

7.

Plaintiff DANIEL BUTTERSWORTH is a citizen of the United States residing in Guyton, Georgia. Buttersworth was employed by Lazer Spot as a yard hostler from September of 2005 through August of 2010.

8.

Plaintiff JOHNNY MEARS is a citizen of the United States residing in Ellabell, Georgia. Mears. Mears was employed by Lazer Spot as a yard hostler from April of 2005 through March of 2011.

9.

Plaintiff WAYNE SPRINGER is a citizen of the United States residing in Rincon, Georgia. Springer was employed by Lazer Spot as a yard hostler from August 2003 through March 2010.

10.

Plaintiff BARRY JIVIDEN is a citizen of the United States residing in Guyton, Georgia. Jividen was employed by Lazer Spot as a yard hostler from July of 2006 through September of 2010.

11.

Plaintiff ROBERT ANKEN is a citizen of the United States residing in Ellabell, Georgia. Anken was employed by Lazer Spot as a yard hostler from October of 2007 through approximately August of 2009.

12.

Plaintiff WAYNE BRUNER is a citizen of the United States residing in Springfield, Georgia. Bruner was employed by Lazer Spot as a yard hostler from August of 2003 through March of 2010.

13.

Plaintiff JOSEPH ZETTLER, SR. is a citizen of the United States residing in Guyton, Georgia. Zettler was employed by Lazer Spot as a yard hostler from December 2002 through April of 2009.

14.

Plaintiff CHRISTOPHER GOSSELIN is a citizen of the United States residing in Rincon, Georgia. Gosselin was employed by Lazer Spot as a yard hostler from December of 2008 through July of 2010.

15.

Defendant LAZER SPOT, INC. (hereinafter "Lazer Spot") is a Georgia corporation which maintains a corporate office in Alpharetta, Georgia and conducts business in this judicial district and division. Lazer Spot provides yard-management services throughout the United States. Lazer Spot may be served with process by and through its registered agent as follows:

> Corporation Service Company
> 40 Technology Parkway South
> Suite 300
> Norcross, Georgia 30092

16.

Lazer Spot is or has been an "employer" of each Plaintiff as that term is defined by 29 U.S.C. § 203(d).

17.

Upon information and belief, for each of the past three calendar years, Lazer Spot has had gross operating revenue in excess of $500,000.00.

18.

Lazer Spot is an "enterprise" as that term is defined by 29 U.S.C. § 203(r).

19.

Lazer Spot has been in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1). Lazer Spot has had employees engaged in commerce or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

20.

At all relevant times, Plaintiffs (and all other similarly situated current and former employees employed as yard hostlers) were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTS**

21.

Lazer Spot provides yard-management services to its customers at the customer's distribution center or facility.

22.

Plaintiffs (and all other similarly situated current and former yard hostlers employed by Lazer Spot) were/are hourly employees who worked as yard hostlers for Lazer Spot at facilities in its southeast region of Georgia in the cities of Port Wentworth, Rincon, and Savannah.

23.

As yard hostlers, Plaintiffs' core duties were connecting a hostler truck to freight trailers and then transporting the trailer from place to place around distribution centers. Plaintiffs were not responsible for moving the trailers within interstate or intrastate commerce.

24.

During their respective terms of employment with Lazer Spot, Plaintiffs and the similarly situated yard hostlers routinely worked as yard hostlers for Lazer Spot in excess of forty (40) hours per week without overtime compensation.

### FAILURE TO PAY OVERTIME COMPENSATION

25.

Plaintiffs re-allege and incorporate by reference the foregoing paragraphs of this Complaint as if fully contained herein.

26.

The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

27.

During the statutory period, Plaintiffs and all other similarly situated yard hostlers routinely worked for Lazer Spot in excess of forty (40) hours per work week without overtime compensation.

28.

This practice violates the FLSA, specifically 29 U.S.C. §207. As a result, Plaintiffs and all other similarly situated yard hostlers have suffered a loss of wages.

29.

Plaintiffs are entitled to be paid overtime compensation at a rate of one and one-half times higher than each Plaintiffs' respective rate of pay for each hour worked in excess of forty (40) hours per workweek.

30.

The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and was not done in good faith or in reliance upon case law, the statutory language, Department of Labor Wage & Hour Opinion Letters, and or the applicable sections of the Code of Federal Regulations.

31.

As a result of Lazer Spot's failure to comply with the FLSA's overtime provisions, Plaintiffs and all other similarly situated yard hostlers are entitled to recover back wages and liquidated damages from Lazer Spot for overtime hours worked within the past three years.

32.

Plaintiffs are also entitled to recover all reasonable attorney's fees and costs incurred in prosecuting this action pursuant to 29 U.S.C. § 216.

33.

Lazer Spot's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and/or practices and do not depend on the personal circumstances of the yard hostler employees. Thus, the Plaintiffs' experiences are typical of the experience of other similarly situated yard hostlers. All of Lazer Spot's current yard hostlers and those formerly employed for any period of time during the statutory time period, regardless of their respective rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week.

**WHEREFORE**, Plaintiffs pray:

a. That service of process issue and be had upon Defendant Lazer Spot, Inc.;

b. That this case be tried before fair and impartial jurors;

c. That the Court order issuance of notice as soon a possible to all other similarly situated yard hostlers who were employed by Lazer Spot during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid for their overtime hours worked in any week during the statutory period;

d. That Judgment against Defendant and in favor of Plaintiffs and all other similarly situated yard hostlers for an amount equal to Plaintiffs' unpaid overtime compensation and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216;

e. Declaratory relief declaring Lazer Spot's practice of failing to pay yard hostlers over time wages violates the FLSA;

f. Pre-judgment and post-judgment interest where applicable;

g. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

h. Any and all such further relief that this Court might deem just and proper.

This 15th day of April, 2011.

HOWELL + PARROTT, LLP

/s/ Kathryn C. Dove
Kathryn C. Dove
Georgia Bar No. 276255
P.O. Box 100
Moultrie, Georgia 31776
Phone: (229) 985-5300
Fax: (229) 891-3378
Email: kdove@southgalaw.com