IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
JERRY GREELY, WARD HERRING,      *
DANIEL BUTTERSWORTH, JOHNNY      *
MEARS, BARRY JIVIDEN, WAYNE      *
SPRINGER, ROBERT ANKEN, WAYNE    *
BRUNER, JOSEPH ZETTLER, SR.,     *
and CHRISTOPHER GOSSELIN,        *
individually and on behalf       *
of other similarly situated      *     CV 411-096
employees,                       *
                                 *
            Plaintiffs,          *
                                 *
     v.                          *
                                 *
                                 *
LAZER SPOT, INC.,                *
                                 *
            Defendant.           *
```

O R D E R

Presently pending before the Court is Plaintiffs' Unopposed Motion to Transfer Venue of this Case to the Northern District of Georgia, Atlanta Division. (Doc. no. 75.) For the reasons set forth below, Plaintiffs' motion is hereby **GRANTED**.

I. **BACKGROUND**

On April 15, 2011, Plaintiffs filed suit in this Court alleging that Lazer Spot, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Compl. ¶ 28.) Plaintiffs are a group of yard hostlers who are current

and former employees of Defendant. (Id. ¶ 22.) According to the Complaint, Plaintiffs' primary employment responsibilities involve connecting a hostler truck to freight trailers and then transporting the trailers around a distribution or manufacturing center. (Id. ¶ 23.) Plaintiffs allege that, while employed by Defendant, they routinely worked in excess of forty (40) hours per week without overtime compensation. (Id. ¶ 24.) They allege that Defendant failed to pay them overtime because Defendant misclassified the yard hostlers as exempt employees under 29 U.S.C. § 213(b). (Id. ¶ 26.) Plaintiffs claim that Defendant's failure to pay overtime violated the FLSA, specifically 29 U.S.C. § 207, which requires that employers pay time-and-a-half for hours that non-exempt employees work in excess of forty (40) hours. (Id. ¶ 28.)

On March 25, 2011, approximately three weeks before Plaintiffs filed suit in this Court, another group of yard hostlers employed by Defendant filed an almost identical action in the United States District Court for the Northern District of Georgia, Atlanta Division. (1:11-cv-971, Doc. no. 1.) That case, Mainor v. Lazer Spot Inc., was filed on behalf of a named plaintiff, who was employed by Defendant as a yard hostler, and all similarly situated yard hostlers. (Id.) On August 9, 2011, the Mainor court granted a motion for conditional certification and defined the class as follows:

> All current and former yard hostlers, yard jockeys, yard drivers or yard spotters who were employed by the defendant at any locations any time from [three years back from the date notice is sent] to the present; and worked more than 40 hours during one or more workweeks while employed by the defendants; and were not paid time and a half compensation for the hours worked over 40 in a workweek.

(1:11-cv-971, Doc. no. 34.)

After the Mainor court granted the conditional certification, Defendant and the Mainor plaintiffs filed a joint motion to stay the case to allow the parties the opportunity to participate in mediation. (1:11-cv-971, Doc. no. 35.) In their joint motion, the parties asserted that they would agree to a date for mediation by November 1, 2011. (Id.) The Mainor court granted the parties' motions and ordered said mediation to be completed no later than December 1, 2011. ((1:11-cv-971, Doc. no. 36.) Due to the substitution of counsel, the deadline for mediation was later extended through February 29, 2012. (1:11-cv-971, Doc. no. 43.)

The parties in Mainor, however, were unable to agree on a date for mediation. As a result, on December 15, 2011, the Mainor plaintiffs filed a motion asking the court to lift the stay and allow litigation to proceed. (1:11-cv-971, Doc. no. 46.) In that motion, the Mainor plaintiffs also sought an order requiring Defendant to provide a list of putative class members. (Id.) On January 13, 2012, the Mainor court lifted the stay and

ordered Defendant to provide the list of putative class members. (1:11-cv-971, Doc. no. 50.)

Plaintiffs in the present action filed the current motion seeking a transfer of this case to the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1404(a). Plaintiffs contend that the Northern District of Georgia is a more convenient forum for this case because the Mainor case involves the same central issue – whether Defendant's yard hostlers are exempt employees under FLSA. Plaintiffs further argue that litigating these cases simultaneously in two different courts will result in a waste of time, energy, and money. Plaintiffs therefore assert that the interests of justice weigh heavily in favor of a transfer to the Northern District of Georgia. Defendant has not opposed this transfer request.

## II. MOTION TO TRANSFER VENUE STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1401(a). The party seeking a transfer of venue has the burden to establish that the transfer is warranted. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). The decision to transfer a case under section 1404(a) rests within the trial court's sound

discretion. See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654-55 (11th Cir. 1993) (reviewing district court's transfer of venue for clear abuse of discretion). Section 1404(a) "requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." Moore v. McKibbon Bros., Inc., 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998).

### III. DISCUSSION

The question of whether a transfer is appropriate depends upon two inquiries: (1) whether the action might have been brought in the proposed transferee court, and (2) whether the various convenience factors are present to justify the transfer. Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). After a review of the record, the Court finds that the balance of factors under section 1404(a) weighs substantially in favor of transferring this case to the United States District Court for the Northern District of Georgia.

The Court must first consider whether the pending action "might have been brought" in the Northern District of Georgia. 28 U.S.C. § 1404(a). It is clear that the action could have been maintained in that district. Defendant is a Georgia corporation with its principal place of business in Alpharetta, Georgia. (Compl. ¶ 15.) Defendant also operates and conducts

business in Georgia and therefore would be subject to personal jurisdiction in the United States District Court for the Northern District of Georgia.

The next consideration is whether the transfer would be for the convenience of the parties and witnesses and in the interests of justice. The Court finds that these factors justify a transfer.

In the typical motion to transfer, the plaintiff will be inconvenienced because the defendant usually attempts to remove the case to the defendant's home forum. In this case, however, it is Plaintiffs who are seeking to transfer the case to the Northern District of Georgia. As such, it is assumed that the transferee forum is convenient for Plaintiffs. Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002). Moreover, the fact that Plaintiffs requested the transfer can be considered as one factor in favor of allowing a change of venue. See id. (noting the fact that plaintiff filed motion to transfer was one factor in favor of granting the change of venue); Moore, 41 F. Supp. 2d at 1356 (granting transfer motion where, among other factors, plaintiff was moving party). Additionally, the Northern District of Georgia is a more convenient forum for Defendant. Defendant's corporate office and Defendant's counsel are located in Atlanta. As a result, a transfer to the Northern District of Georgia will result in less travel and expense for Defendant.

The convenience of the witnesses also supports a transfer to the Northern District of Georgia. "The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another." Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). According to Defendant's initial disclosures, almost all of its witnesses are its corporate officers who reside in the Atlanta area. (Doc. no. 75, Ex. 8.) Moreover, most of the witnesses identified by Defendant in this case are the same as those identified by Defendant in the Mainor case. Therefore, not only will a transfer to the Northern District of Georgia result in less travel and expense for Defendant and Defendant's counsel, but it will also decrease the burden on Defendant's witnesses who are already required to appear in the Northern District of Georgia for the Mainor case.

Finally, trial efficiency and the interests of justice weigh in favor of transfer. The purpose behind § 1404(a) is to prevent unnecessary inconvenience and expense to parties, witnesses, and the public. Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). The Supreme Court has held that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." Id. Here, both the present action and the Mainor case involve the same issues. In both cases,

Defendant's liability will turn on whether it can successfully establish its affirmative defense that the yard hostlers are exempt from the overtime requirements of the FLSA. As a result, allowing this action to remain pending in this Court, while the Mainor case proceeds in the Northern District of Georgia, would waste time, energy, and money.

Moreover, consolidation with a case pending in another district is a relevant factor under § 1404(a). U.S. v. Casey, 420 F. Supp. 2d 273, 277 (S.D. Ga. 1976). The presence of related proceedings in the transferee court is a factor that should be considered by a court when determining whether a transfer is appropriate. See Hoffman v. Medquest, Inc., No. 1:04-cv-3452, 2005 WL 3095713, at *2 (N.D. Ga. Nov. 16, 2005) (noting "the presence of related proceedings in the transferee court is also a factor to be considered by the court"); Weber v. Basic Comfort Inc., 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001) ("[The presence of a related case] is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest opposite."). The Mainor case has already been conditionally certified as a collective action by the District Court for the Northern District of Georgia, and Plaintiffs fall within that class definition. As the Mainor case is already designated a collective action, this case and Mainor are well suited for consolidation. Therefore, a transfer of venue is appropriate.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that, for the convenience of the parties and witnesses and in the interests of justice, this matter should be transferred to the Northern District of Georgia, Atlanta Division. Therefore, Plaintiffs' Unopposed Motion to Transfer Venue (doc. no. 75) is **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Northern District of Georgia, Atlanta Division and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 19th day of January, 2012.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA